UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THADDEUS KNIGHT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4834 |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

This matter was referred to the undersigned for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 21.

Before me is Defendants American Bankers Insurance Company of Florida and Assurant, Inc.'s Motion to Dismiss Action as Time-Barred and to Dismiss Extracontractual, Bad Faith Claims pursuant to Rule 12(b)(6) (failure to state a claim). ECF No. 9. Plaintiffs timely filed an Opposition Memorandum. ECF No. 11. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Dismiss is GRANTED IN PART as to the claim for extra-contractual damages and attorneys' fees and DEFERRED IN PART as to dismissal of the remaining claim as time-barred for the reasons stated herein.

**I.    BACKGROUND**

Plaintiffs Thaddeus and Andra Knight filed suit on August 29, 2023, relating to flood damages sustained by their home at 2932 English Colony Drive in LaPlace as a result of Hurricane Ida on August 29, 2021. Defendant American Bankers Insurance Company of Florida issued Policy No. 99055461552021 to Plaintiffs providing flood insurance from February 11, 2021 to February 11, 2022. ECF No. 1, ¶¶ 9-10, 13-14. Plaintiffs contend that Defendants breached their

contract by, among other things, failing to properly pay for flood damage and adequately adjust the claim, and that they misrepresented policy terms. *Id.* ¶¶ 17-20.  Plaintiffs' prayer includes a request for damages as well as penalties, attorney's fees, together with legal interest (pre-judgment and post-judgment). *Id*. at 8.

Defendant American Bankers Insurance Company of Florida is an insurer in the Write-Your-Own program participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, and thus a fiscal agent of the United States.  ECF No. 9 at 1-2.  In response to Plaintiffs' Complaint, Defendants filed a Motion to Dismiss alleging that Plaintiffs' claim is untimely.  Defendants attach copies of denial letters dated  February 17, 2022, and June 21, 2022 (ECF No. 9-4) to argue that Plaintiffs' failure to file suit within one year of denial renders their claims barred under the National Flood Insurance Program's one-year statute of limitations.  ECF No. 9-1 at 1-2, 7-11.  Defendants also argue that extra-contractual claims and demand for attorneys' fees and costs are preempted by federal law.  *Id.* at 2, 12-20.

In Opposition to Defendants' motion, Plaintiffs argue that counsel submitted a letter of representation on August 3, 2023 (over one year after the second denial letter) and Defendant agreed, but failed to, send Plaintiffs' file to counsel.  ECF No. 11 at 1-2.  Plaintiffs argue that the one-year period to file suit did not begin to run because "there is no record of denial or partial denial sent to either Plaintiffs or Plaintiffs' counsel" and Defendants are unable to prove that Plaintiffs were sent and/or received the February 17, 2022 partial denial correspondence.  *Id.* at 2.  Plaintiffs ask that movants' declaration be stricken and that they be allowed discovery on the issue of notice and delivery of the correspondence.  *Id.* at 2-4.  With regard to the claim for extra-contractual damages, Plaintiffs concede that extra-contractual damages are not recoverable but argue that the Equal Access to Justice Act allows recovery of costs and attorneys' fees.  *Id.* at 4-5.

## II. APPLICABLE LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[1] The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff.[2] In ruling on a Rule 12(b)(6) motion, the court must limit its review to the contents of the pleadings, including attachments.[3] If matters outside the pleadings are presented and not excluded by the court, the Rule 12(b)(6) motion must be treated as a Rule 56 summary judgment motion. FED. R. CIV. P. 12(d). The court may, however, rely on evidence outside the complaint without converting the Rule 12(b)(6) motion into a summary judgment motion if that evidence is attached to the motion, referred to in the complaint, and central to the plaintiff's claim or is subject to judicial notice.[4] The court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss.[5]

The Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, but case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims.[6] If the document is merely evidence of an

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).
[2] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).
[3] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[4] *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citation omitted); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins*, 224 F.3d at 498-99; *see also, e.g., Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).
[5] *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988) (citations omitted).
[6] *Orellana v. Terrebonne Par. Consol. Gov't*, No. 18-11673, 2019 WL 6036711, at *2 (E.D. La. Nov. 14, 2019) (citing *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 661–62 (N.D. Tex. 2011)).

element of a plaintiff's claim, the court may not consider the document as part of the pleading.[7] "A document is central to a claim if its attachment 'merely assists the plaintiff in establishing the basis of the suit.'"[8] While the majority of courts to consider the issue have held that considering a denial letter attached to a motion to dismiss on a plaintiff's complaint alleging denial of all or part of an insurance claim does not convert the matter to a Rule 56 summary judgment, not all courts have agreed.[9]

Conversion under Rule 12(d) triggers several procedural safeguards, including notice to the parties.[10] In the absence of an alternative motion for summary judgment,[11] express notice is the "better practice" even though failure to do so does not alone require reversal.[12]

## B. Whether Plaintiffs' Claim is Time-Barred

The court cannot determine whether Plaintiff's claim is time-barred without consideration of the denial letters attached to the Motion to Dismiss. ECF No. 9-4. Therefore, in an abundance of caution, the parties are hereby given notice that the undersigned will convert the motion to dismiss under Rule 12(d) and consider the denial letters in ruling on the pending motion.

---

[7] *Id.* (citing *Kaye*, 453 B.R. at 662; *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003)).
[8] *Port Cargo Servs., LLC v. Westchester Surplus Lines Ins. Co.*, 22-1018, 2023 WL 3211868, at *3 (E.D. La. May 2, 2023); *Collins*, 224 F.3d at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).
[9] *See Verret v. SafeCo Ins. Co. of Am.*, No. 23-2292, 2023 WL 5608018, at *4 (E.D. La. Aug. 30, 2023) (considering WYO insurer's denial letter under Rule 12(b)(6) to determine whether claims were time-barred); *Bateman v. Am. Bankers Ins. Co. of Fla.*, No. 23-6338, 2024 WL 894790, at *2 (E.D. La. Mar. 1, 2024) (same); *see also Martin v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 23-00169, 2023 WL 4535719, at *1 n.1 (W.D. Tex. July 12, 2023) (considering denial letters on Rule 12(b)(6)), *aff'd*, No. 23-50558, 2024 WL 2088035 (5th Cir. May 9, 2024); *Jones v. Hartford Life & Accident Ins. Co.*, No. 16-316, 2016 WL 5887601, at *2 (E.D. Tex. Oct. 7, 2016) (considering denial letters on Rule 12(b)(6) where same were referred to in complaint and central to claims at issue); *Rodriguez v. Melendez*, No. 19-116, 2019 WL 8399786, at *3 (S.D. Tex. Oct. 21, 2019). *But see Qader v. FEMA*, 543 F. Supp. 2d 558 (E.D. La. 2008) (converting Rule 12(b)(6) to Rule 56 motion where FEMA relied on letters, reports, and other documents outside of the pleadings); *Candela v. Bank of Am., N.A.*, No. 17-392, 2017 WL 4404462, at *8 (N.D. Tex. Sept. 7, 2017) (refusing to consider denial letter on Rule 12(b)(6) motion when not mentioned in complaint or attached to motion but attached to reply), *R.&R. adopted*, No. 17-392, 2017 WL 4351384 (N.D. Tex. Sept. 29, 2017).
[10] *Clark v. Tarrant Cty.*, 798 F.2d 736, 746 (5th Cir. 1986).
[11] *Moore v. Burlington N. Santa Fe Ry. Co.*, No. 21-20103, 2022 WL 16860550, at *2 (5th Cir. Nov. 11, 2022) (per curiam) (holding that explicit notice is not required where movant explicitly sought summary judgment as an alternative to Rule 12(b)(6) dismissal).
[12] *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 667 (5th Cir. 2019).

Any request for additional time must comply with Rule 56(d). Vague assertions that additional discovery will produce needed, but unspecified, facts is insufficient.[13] The party seeking a continuance must identify specific facts that would alter the court's analysis or in any way demonstrate how the additional discovery would likely create a genuine dispute of material fact[14] and "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame[.]"[15]

C. **The Claims for Extra-Contractual Damages and Attorneys' Fees Must Be Dismissed**

National Flood Insurance policies, claims under those policies, and disputes relating to the handling of claims under those policies are highly regulated and subject exclusively to federal law.[16] The Fifth Circuit has made clear that state tort claims alleging improper claims handling by a Write Your Own program carrier under the NFIP are preempted by federal law.[17] Thus, extra-contractual damages are not available under the National Flood Insurance Program.

Although Plaintiffs concede that extra-contractual damages are not recoverable, citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987), they argue that the Fifth Circuit allows recovery of attorneys' fees and costs from FEMA under the Equal Access to Justice Act. ECF No. 11 at 4-5. Plaintiffs fail, however, to cite the Fifth Circuit later decision in *Dwyer v. Fidelity National Property and Casualty Insurance Co.*, 565 F.3d 284, (5th Cir. 2009) (reversing award of attorney's fees against WYO carrier under EAJA because the EAJA only applies to suits brought against the

---

[13] *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006) (citations and quotations omitted).
[14] *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc*., 25 F.4th 360, 367 (5th Cir. 2022) (citation omitted); *see also Santee v. Oceaneering Int'l Inc*., 95 F.4th 917, 934 (5th Cir. 2024) (citing *Smith*, 827 F.3d at 423).
[15] *Smith v. Regional Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016) (internal quotation marks and citation omitted).
[16] *Verret v. SafeCo Ins. Co. of Am*., No. 23-2292, 2023 WL 5608018, at *4 (E.D. La. Aug. 30, 2023) (citing 44 C.J.S. INSURANCE § 59).
[17] *Wright v. Allstate Ins. Co*., 415 F.3d 384, 390 (5th Cir. 2005) (state law claims are preempted by the NFIA); *Wright v. Allstate Ins. Co.,* 500 F.3d 390 (5th Cir. 2007) (NFIA does not authorize extra-contractual claims under the federal common law), *cert. denied*, 552 U.S. 1184 (2008); *see also Gallup v. Omaha Prop. & Cas. Ins. Co*., 434 F.3d 341, 345 (5th Cir. 2005) (NFIP authorizes FEMA to promulgate regulations to preempt state law claims made against Write Your Own Insurance providers under the National Flood Insurance Program).

United States or an agency of the United States, and WYO carriers participating in the NFIP are not federal agencies even though they serve as fiscal agents of the United States).  In *Dwyer*, the court expressly held that the EAJA does **not** allow for an award of attorneys' fees and costs against a private insurer acting as fiscal agent for the United States as a WYO provider under the NFIP:

> The statute defines "United States" to include "any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(d)(2)(C). [A private insurer] is neither the United States nor an official of the United States. . . . [S]serving as a fiscal agent and a participant in a heavily regulated federal program did not transform [a private insurer] into a federal agency under the EAJA."

*Id.* at 289.  Recognizing that the EAJA applies to a suit against FEMA, the Fifth Circuit rejected efforts to extend that regulation to capture private insurers, reasoning that such a policy decision rests with Congress.  *Dwyer*, 565 F.3d at 290.  To quote Judge Milazzo:  "While a plaintiff may recover attorney's fees and costs from FEMA pursuant to the Equal Access to Justice Act (EAJA), Plaintiff has not sued FEMA."[18]  Accordingly, Plaintiffs' demand for extra-contractual damages including attorneys' fees and costs must be dismissed.

### III. CONCLUSION

Any claim for extra-contractual damages, costs and attorneys' fees against these WYO participants are barred.  For that reason, Plaintiffs' claim for same must be dismissed.  The Court cannot, however, address Defendants' time-bar argument without considering the denial letters attached to the motion.  The Court therefore hereby gives notice that it will consider those documents and converts the motion to dismiss on that basis into a Rule 56 motion.

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by Defendants American Bankers Insurance Company of Florida and Assurant, Inc. is GRANTED IN PART AND DEFERRED IN

---

[18] *Wagner v. Am. Bankers Ins. Co. of Fla.*, No. 23-4826, 2024 WL 2387925, at *4 n.29 (E.D. La. May 23, 2024) (citations omitted).

PART as stated herein, dismissing Plaintiffs' claims for extra-contractual damages, costs and attorneys' fees and deferring the request to dismiss Plaintiffs' claim as time barred.

    IT IS FURTHER ORDERED that the time-bar motion will be taken under submission on August 28, 2024.

    IT IS FURTHER ORDERED that any party wishing to file a supplemental memoranda on the time-bar issue must file same by August 16, 2024.

    New Orleans, Louisiana, this __7th__ day of August, 2024.

                                                       DONNA PHILLIPS CURRAULT
                                                   UNITED STATES MAGISTRATE JUDGE