UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THADDEUS KNIGHT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4834 |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

This matter was referred to the undersigned for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 21.

Before me is Defendants American Bankers Insurance Company of Florida and Assurant, Inc.'s Motion to Dismiss Action as Time-Barred. ECF No. 9. The Court continued this matter to August 28, 2024, after converting it to a Rule 56 motion. ECF No. 22. Although the Court's Order allowed the parties to file supplemental memoranda on the time-bar issue, neither party filed a supplemental memorandum.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Dismiss Claim as Time-Barred is GRANTED for the reasons stated herein.

**I.   BACKGROUND**

Defendant American Bankers Insurance Company of Florida issued Policy No. 99055461552021 to Plaintiffs Thaddeus and Andra Knight providing flood insurance from February 11, 2021 to February 11, 2022. ECF No. 1, ¶¶ 9-10, 13-14. Plaintiffs filed suit on August 29, 2023, relating to flood damages sustained by their home at 2932 English Colony Drive in LaPlace as a result of Hurricane Ida on August 29, 2021. *Id.*

In response to Plaintiffs' Complaint, Defendant American Bankers Insurance Company of Florida filed a Motion to Dismiss alleging that Plaintiffs' claim is untimely. ECF No. 9. Defendant attaches copies of two denial letters (one dated February 17, 2022, and the other dated June 21, 2022 (ECF No. 9-4)) and argues that Plaintiffs' failure to file suit within one year of denial renders their claims barred under the National Flood Insurance Program's one-year statute of limitations. ECF No. 9-1 at 1-2, 7-11. Defendant's affiant states that these properly addressed letters were sent to Plaintiffs by U.S. Mail and email. ECF No. 9-2 ¶¶ 9, 10.

In Opposition, Plaintiffs argue that counsel submitted a letter of representation on August 3, 2023 (over a year after the denial letters) and Defendant agreed, but failed, to send Plaintiffs' file to counsel. ECF No. 11 at 1-2. Plaintiffs argue that the one-year period to file suit did not begin to run because "there is no record of denial or partial denial sent to either Plaintiffs or Plaintiffs' counsel" and Defendants are unable to prove that Plaintiffs were sent and/or received the February 17, 2022 partial denial correspondence. *Id.* at 2. Plaintiffs ask that ¶¶ 8-10 of movant's declaration be stricken for lack of personal knowledge and that they be allowed discovery on the issue of notice and delivery of the correspondence. *Id.* at 2-4.

## II.   APPLICABLE LAW AND ANALYSIS

Defendant's Motion to Dismiss attached its denial letters sent to Plaintiffs as exhibits. Because the law is not clear whether consideration of same would require conversion under Rule 12(d),[1] the Court provided notice that it would consider the documents and convert the Rule 12(b)(6) motion to a Rule 56 motion. ECF No. 22.

---

[1] While the majority of courts to consider the issue have held that considering a denial letter attached to a motion to dismiss on a plaintiff's complaint alleging denial of all or part of an insurance claim does not convert the matter to a Rule 56 summary judgment, not all courts have agreed. *See Verret v. SafeCo Ins. Co. of Am.*, No. 23-2292, 2023 WL 5608018, at *4 (E.D. La. Aug. 30, 2023) (considering WYO insurer's denial letter under Rule 12(b)(6) to determine whether claims were time-barred); *Bateman v. Am. Bankers Ins. Co. of Fla.*, No. 23-6338, 2024 WL 894790, at *2 (E.D. La. Mar. 1, 2024) (considering WYO insurer's denial letter in deciding Rule 12(b)(6) motion; *see also Martin*

## A. **Movant's Declaration is Properly Considered**

Plaintiffs argue that paragraphs 8 through 10 of Defendant's declaration should be stricken for lack of personal knowledge because the witness did not personally observe the fact of mailing, did not personally write the letters, and did not hand deliver or email same. ECF No. 11 at 3-4.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and how that the affiant or declaration is competent to testify on the matters stated."[2] Personal knowledge is demonstrated by showing that the facts stated reasonably fall within the sphere of responsibility of the affiant as a corporate employee or even that knowledge may be "reasonably inferred" from the affiant's position with the company.[3] "There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy; as long as he can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met, that is sufficient."[4]

Declarant Shane Roberts states that he is Senior Director for Assurant Global P&C Claims, Assurant Inc. indirectly owns 100% of American Bankers Insurance Company of Florida, and he is corporate representative of Assurant/ABIC as to its flood claims ECF No. 9-2 ¶ 1. Further, he

---

*v. Sedgwick Claims Mgmt. Servs. Inc.*, No. 23-00169, 2023 WL 4535719, at *1 n.1 (W.D. Tex. July 12, 2023) (considering denial letters on Rule 12(b)(6)), *aff'd*, No. 23-50558, 2024 WL 2088035 (5th Cir. May 9, 2024); *Jones v. Hartford Life & Accident Ins. Co.*, No. 16-316, 2016 WL 5887601, at *2 (E.D. Tex. Oct. 7, 2016) (considering denial letters on Rule 12(b)(6) because they were referenced in complaint and central to the claims at issue); *Rodriguez v. Melendez*, No. 19-116, 2019 WL 8399786, at *3 (S.D. Tex. Oct. 21, 2019). *But see Qader v. FEMA*, 543 F. Supp. 2d 558 (E.D. La. 2008) (converting Rule 12(b)(6) to Rule 56 motion where FEMA relied on letters, reports, and other documents outside of the pleadings); *Candela v. Bank of Am., N.A.*, No. 17-392, 2017 WL 4404462, at *8 (N.D. Tex. Sept. 7, 2017) (refusing to consider denial letter on Rule 12(b)(6) motion when not mentioned in complaint or attached to motion but attached to reply), *R.&R. adopted*, No. 17-392, 2017 WL 4351384 (N.D. Tex. Sept. 29, 2017).
[2] FED. R. CIV. P. 56(c)(4). Federal Rule of Evidence 803(6) makes clear that evidence that would otherwise be inadmissible as hearsay is admissible under the business records exception if the requirements for admitting the evidence "are shown by the testimony of the custodian or another qualified witness." FED. R. EVID. 803(6)(D); *see also United States v. Box*, 50 F.3d 345, 356 (5th Cir. 1995) (noting authentication requirement under Rule 803(6)).
[3] *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005); *see also PNC Bank, Nat'l Ass'n v. Ruiz*, No. 22-50584, 2023 WL 3340078, at *3 (5th Cir. May 10, 2023) (per curiam) (same).
[4] *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008) (cleaned up).

is the "custodian of records for the Thaddeus Knight and Andra Knight ("Plaintiffs") claim file for the flood loss claim at issue in the instant lawsuit," and his statements make clear that he has reviewed the relevant records.  *Id.* ¶ 1; *see also id.* ¶ 8.

Declarant Shane Roberts is qualified to lay the foundation for the business records given his status as corporate representative for flood claims and records custodian.  The Court overrules Plaintiffs' personal knowledge objection and denies the request to strike paragraphs 8-10.

### B. National Flood Program

Congress established the National Flood Program in 1968 to provide insurance coverage at or below actuarial value to ensure the availability of flood insurance in areas where it is uneconomical for private insurers to offer coverage.[5]  The program is operated by the Federal Emergency Management Agency (FEMA) and supported by the federal treasury.[6]  The National Flood Program is administered by FEMA,[7] which uses private insurance companies as agents of the United States to implement the program by issuing FEMA's Standard Flood Insurance Plans ("SFIP").[8]  Thus, national flood insurance policies are either issued directly by FEMA or through private insurers known as "Write Your Own" ("WYO") companies.  The WYO companies are statutorily designated as fiscal agents of the federal government, issuing and administering policies underwritten by the government.[9]

FEMA fixes the terms and conditions of all federal flood policies, which must be issued in the Standard Flood Insurance Policy form, and no provision of the policy can be altered, varied,

---

[5] National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4131; *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).
[6] *Gowland*, 143 F.3d at 953.
[7] 42 U.S.C. § 4005.
[8] *See* 42 U.S.C. § 4081(a); 44 C.F.R. § 62.23(g).
[9] 42 U.S.C. § 4071.

or waived without the express written consent of the Federal Insurance Administrator.[10] The Standard Flood Insurance Policy "must be strictly construed and enforced," even if harsh results follow.[11]

### 1. National Flood Insurance Act Statutory Deadline

The pertinent provision of the National Flood Insurance Act provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator*, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). American Bankers Insurance Company is a WYO carrier authorized to issue the Standard Flood Insurance Policy pursuant to the agreement between itself and FEMA.[12] Thus, Plaintiffs' claim will be time-barred if they failed to file suit within one-year of the written denial of the claim.[13]

The February 17, 2022 denial letter indicates the denial of a portion of Plaintiffs' claim based upon the applicable provisions of the Standard Flood Insurance Policy (SFIP). ECF No. 9-

---

[10] *Gowland*, 143 F.3d at 953; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 388 (5th Cir. 2005); *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); 44 C.F.R. Pt. 61, App. A(1) (laying out the Standard Flood Insurance Policy terms).
[11] *Gowland*, 143 F.3d at 954; *Wright*, 415 F.3d at 387; *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019) ("[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of a regulation, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury.") (quoting *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)).
[12] ECF No. 9-2 ¶ 1.
[13] *Cohen*, 924 F.3d at 781 (finding that a letter from a private flood insurer denying coverage for the insured property amounted to an effective "denial of all or part of insured claim" and acted as the trigger for the one-year limitation period).

4 at 1. It also indicates coverage for certain other items remained pending. *Id*. at 2-3. Page 5 of that letter then explains:

> After you receive a full or partial claim denial letter from your insurer, you have several options available if you disagree with the claim denial:
> Appeal within 60 days of denial. You may file a flood insurance appeal directly to. FEMA oversees the National Flood Insurance Program (NFIP).
> . . . .
> File suit within one (1) year of the denial of your claim. Federal law permits you to file suit in the Federal District Court where the damage occurred within one (1) year of when your insurer first denied all or part of your claim (42 U.S.C. § 4072; 44 C.F.R. § 62.22).

*Id*. at 5. A few months later, on June 21, 2022, Defendant sent a second letter. *Id*. at 8. This letter likewise notified Plaintiffs that it denied a portion of the claim based upon the applicable provisions of the Standard Flood Insurance Policy. *Id*. Additionally, this letter again advised:

> After you receive a full or partial claim denial letter from your insurer, you have several options available if you disagree with the claim denial:
> Appeal within 60 days of denial. You may file a flood insurance appeal directly to. FEMA oversees the National Flood Insurance Program (NFIP).
> . . . .
> File suit within one (1) year of the denial of your claim. Federal law permits you to file suit in the Federal District Court where the damage occurred within one (1) year of when your insurer first denied all or part of your claim (42 U.S.C. § 4072; 44 C.F.R. § 62.22).

*Id*. at 12.

### 2. Mailing, Not Receipt, Begins the Clock

Plaintiffs argue that they did not receive Defendant's letters, and thus, the deadline did not begin to run. The deadline under § 4072, however, explicitly runs from the date of mailing, not receipt, of the claim denial: "the claimant, within one year after the *date of mailing* of notice of disallowance or partial disallowance by the Administrator . . . ." 42 U.S.C. § 4072 (emphasis added). When the language of a federal statute explicitly ties the deadline to mailing, rather than

receipt, of notice, the court must apply the language as written.[14] Even though "it might be more equitable if the short period of limitations . . . commenced with receipt by the claimant . . . , the plain words of the statute defeat [that] argument."[15]

### III. CONCLUSION

Defendants' letters dated February 17, 2022, and June 21, 2022, constitute partial claim denials within the meaning of § 4072. Consequently, Plaintiffs' suit filed August 29, 2023 is barred as untimely. Accordingly,

IT IS ORDERED that the Motion to Dismiss Claims as Time-Barred filed by Defendants American Bankers Insurance Company of Florida and Assurant, Inc. is GRANTED

New Orleans, Louisiana, this __28th__ day of August, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] *See, e.g., Benton v. United States*, No. 23-60445, 2024 WL 2239589, at *1 (5th Cir. May 17, 2024) (affirming trial court's finding that failure to receive denial letter did not render denial "ineffective" because window for filing suit runs from date of mailing, not the date of receipt); *Lonero v. United States*, No. 22-10317, 2022 WL 3544401, at *2 (5th Cir. Aug. 18, 2022) (noting that statute of limitations begins to run at the time the notice of the final administrative decision is mailed, regardless of whether the claimant actually receives the notice) (citing *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012)); *Raymond v. United States*, No. 22-3052, 2023 WL 2573845, *4 (E.D. La. Mar. 20, 2023) (citations omitted). Other circuits agree. *See, e.g., Jackson v. United State*s, 751 F.3d 712 (6th Cir. 2014); *Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988) (declining to read a receipt requirement into the FTCA).

[15] *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975) (rejecting "receipt" argument when statute specifies "mailing" under Federal Tort Claims Act).